Justice Blackmun,
with whom Justice Stevens joins,
dissenting.
An applicant for a stay pending the disposition of a petition for certiorari faces a heavy burden. The applicant must demonstrate (1) a likelihood of irreparable harm if the judgment below is not stayed; (2) a reasonable probability that certiorari will be granted; (3) a significant possibility that the judgment below will be reversed; and (4) that the balance of the equities tilts clearly in its favor. I do not think the Government has met the latter two conditions.
Eight federal judges have now considered the territorial reach of 8 U. S. C. §1253(h). Four have concluded that the statute does not apply in international waters, and four have concluded that it does. Given the thorough .mid careful reasoning of the majority and concurring opinions below, I do not see how the Court can conclude at this stage that the Government’s likelihood of success on the merits is any better than even. That is not fatal to the Government’s application, for if each party’s chance of succeeding is equal, a strong showing on the equities can still carry the day for the Government. But no such showing has been made. While the Government has offered a vague invocation of harm to foreign policy, immigration policy, and the federal treasury, the plaintiffs in this case face the real and immediate prospect of persecution, terror, and possibly even death at the hands of those to whom they are being forcibly returned. So determined the District Court, to whose findings we should defer where the balance of equities is highly factual in nature. Block v. North Side Lumber Co., 473 U. S. 1307 (1985) (Rehnquist, Circuit Justice).
I would deny the application for a stay.